**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

In re:                                                    Chapter 11

Philip M. Scioli,                                          Case No. 25-22904-shl

                        Debtor.                           Hon. Sean H. Lane

-------------------------------------------------------------------x

### MOTION FOR RELIEF FROM THE AUTOMATIC
### STAY PURSUANT TO 11 U.S.C. § 362(d)(1)
**(Foreclosure Judgment Entered)**

Secured Creditor, SELENE FINANCE LP AS SERVICER FOR U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST ("Secured Creditor"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d)(1) for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1.     Debtor, Philip M. Scioli ("Debtor"), filed a voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code on September 23, 2025.

2.     The Debtor has not filed a proposed plan of reorganization.

### THE MORTGAGE LOAN

3.     On June 26, 2018, Debtor executed and delivered a Promissory Note ("Note") and Debtor and  Mary Nix Scioli (Co-Mortgagor") executed a Mortgage ("Mortgage") securing payment of the Note in the amount of $1,999,999.00 to Parkside Lending, LLC (the "Mortgage Loan").  The Mortgage, encumbering the real property located at 49 Green Avenue, Rye, New York (the "Property"), was recorded on July 18, 2018 in the Office of the Westchester County Clerk, with control number 581903163. Thereafter, the Note was properly endorsed to Secured Creditor and

the Mortgage was assigned to Secured Creditor by assignments of mortgage. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note and Mortgage are annexed hereto as Composite Exhibit "A." The documents include copies of the Note with required indorsements, the recorded Mortgage, and assignments of mortgage, and any other applicable documentation supporting the right to seek a modification of the automatic stay and to foreclose the Mortgage, if necessary.

## DEFAULT AND FORECLOSURE

4.      The terms of the aforementioned loan have been in default, and they remain in default contractually since November 1, 2020.  A foreclosure action was commenced in the New York State Supreme Court for the County of Westchester on October 18, 2023, Index No. 69477/2023 (the "Foreclosure Action").  In the Foreclosure Action, a Judgment of Foreclosure and sale was signed by the Hon. Thomas Quinones, JSC on June 18, 2025 and entered on July 9, 2025 (the "Foreclosure Judgment").  A copy of the foreclosure Judgment in annexed hereto as Exhibit "B."

5.      A referee sale of the Property pursuant to the Foreclosure Judgment was scheduled for September 25, 2025.  A copy of the Notice of Sale is annexed hereto as Exhibit "C."

## DEBT AND VALUE

6.      The total pre-petition arrears under the Mortgage Loan are $2,670,473.21.  The approximate current amount due is $2,681,798.95.  The Debtor has not made any post-petition contractual payments or provided for post-petition adequate protection.  The monthly contractual payment amount is $12,283.36.   A true and accurate copy of Secured Creditor's executed Indebtedness Worksheet in regard to the Mortgage Loan indebtedness and default is annexed hereto as Exhibit "D."

7.      The stated value of the property is $2,750,000.00 pursuant to a valuation report by Asset

Val – Valuation Solutions, dated November 6, 2025. A copy of the report is annexed hereto as Exhibit "E" and is permissible as a property valuation under Fed. R. Evid. 803(8).

## **RELIEF SOUGHT**

8.      Secured Creditor's security interest in the Property is being significantly jeopardized by Debtor's failure to comply with the terms of the Mortgage Loan documents, including timely servicing of the loan since the default in 2020, and now that the chapter 11 case is commenced, the failure to make adequate protection payments while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest.   It is noted that the total debt and the Property value are within $70,000 and the minimal "equity cushion" is fast eroding.  Additionally, the Foreclosure Judgment is in place, and the commencement of this case was timed to halt the scheduled referee sale at the "eleventh hour."

9.      Secured Creditor continues to incur actual costs and expenses with respect to escrow related real estate taxes and insurance costs, and as noted above, the value of the Property is no sufficient to provide meaningful adequate assurance, in the nature of an equity cushion that covers continuing accrued interest as well as such advances. Secured Creditor has no protection against the continued erosion of its collateral position.

10.      If Secured Creditor is not permitted to enforce its security interest in the Property by enforcement of the Foreclosure Judgment or be provided with sufficient adequate protection to maintain the *status quo*, it will suffer irreparable injury, loss, and damage.

11.      Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this case pursuant to Bankruptcy Code section 362(d)(1) for cause, namely the lack of adequate protection to Secured Creditor for its interest in the Property, the lack of post-petition loan servicing, the long running pre-petition default and the Foreclosure Judgment entry.

25-22904-shl
25-358110
MFR

12.     Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral since it is not his residence and is an investment holding; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

13.     The Office of the U.S. Trustee, or other trustee as may be appointed, shall be notified of any surplus monies realized upon sale of the Property in the state court foreclosure proceeding and of any surplus money proceedings that may be commenced under New York law.

14.     No previous application has been made for the relief request herein.

WHEREFORE, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d)(1) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the Property, including, without limitation enforcement of the Foreclosure Judgment and sale of the Property pursuant thereto, and for any such further relief as this Honorable Court deems just and appropriate.


Dated:  Westbury, New York
        November 20, 2025


Robertson, Anschutz, Schneid,
Crane & Partners, PLLC
Attorney for Secured Creditor
900 Merchants Concourse, Suite 310
Westbury, NY 11590
Phone: (516) 280-7675
Fax:    (516) 280-7674


By: /s/  *Kevin R. Toole*
Kevin R. Toole, Esq.
NYS Bar No. 1968221
Email: ktoole@raslg.com